FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Apr 23, 2024**

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOSHUA C.,

              Plaintiff,

   -vs-

MARTIN O'MALLEY, Commissioner of
Social Security, [1]

            Defendant.

No.   1:23-CV-3079-WFN

ORDER GRANTING PLAINTIFF'S
MOTION TO REVERSE THE
DECISION OF THE COMMISSIONER

ECF Nos. 8, 10

      Pending before the Court  are Plaintiff's Opening Brief and the Commissioner's Brief in response.  ECF Nos. 8, 10.  Attorney Victoria B. Chhagan represents Joshua C. (Plaintiff); Special Assistant United States Attorney Benjamin J. Groebner represents the Commissioner of Social Security (Defendant).  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion to reverse the decision of the Commissioner, **DENIES** Defendant's motion to affirm, and **REMANDS** the matter for a finding of disability under sentence four of 42 U.S.C. § 405(g).

### JURISDICTION

      Plaintiff filed applications for benefits on December 22, 2017, later alleging disability since February 17, 2017.  The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) C. Howard Prinsloo held a hearing on December 17, 2019, and issued an unfavorable decision on February 4, 2020.  The Appeals Council denied review on July 20, 2020.  Following Plaintiff's appeal, this Court remanded the matter on

---

[1] This action was originally filed against Kilolo Kijakazi in her capacity as the acting Commissioner of Social Security. Martin O'Malley is substituted as the defendant because he is now the Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

June 15, 2021.  The ALJ held a second hearing on January 26, 2023, and issued an unfavorable decision on February 13, 2023.  Tr. 1197-1206.  Plaintiff again appealed this final decision of the Commissioner on June 8, 2023.  ECF No. 1.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the claimant bears the burden of establishing a prima facie case of disability.  *Tackett*, 180 F.3d at 1098-1099.  This

ORDER GRANTING
PLAINTIFF'S MOTION - 2

burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).  If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On February 16, 2023, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  Tr. 1197-1206.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 31, 2015, the alleged onset date.[2]  Tr. 1199.

At step two, the ALJ determined Plaintiff had the following severe impairments: carpal tunnel syndrome, anxiety, and depression.  Tr. 1200.

At step three, the ALJ found these impairments did not meet or equal the requirements of a listed impairment.  Tr. 1200.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform light work subject to the following limitations: Plaintiff is capable of performing routine tasks with only occasional public contact where interpersonal contact is incidental to work performed and tasks performed by rote with few variables, little judgment and simple, concrete and direct supervision. Plaintiff is limited to frequent handling, fingering, or feeling.  Tr. 1201.

At step four, the ALJ found Plaintiff unable to perform past relevant work.  Tr. 1205.

---

[2] This appears to be a scrivener's error, as the ALJ acknowledged in the previous decision that Plaintiff amended his alleged onset date to February 17, 2017.  *See* Tr. 15.

ORDER GRANTING
PLAINTIFF'S MOTION - 3

At step five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  Tr. 1205.

The ALJ thus concluded Plaintiff has not been disabled since the alleged onset date through the date of the decision.  Tr. 1206.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issue for review: whether the ALJ properly evaluated the medical opinion evidence.  ECF No. 8 at 1-2.

## DISCUSSION

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record.  20 C.F.R. § 416.920c(a)-(c).  An ALJ's consistency and supportability findings must be supported by substantial evidence.  *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).  Plaintiff argues the ALJ misevaluated four medical opinions.  ECF No. 8 at 4-18.  The Court addresses each in turn.

**1. Brett Wenger, LMHC.**

LMHC Wenger began treating Plaintiff in 2017.  He prepared two mental source statements in January 2018 and November 2019, opining, in relevant part, that Plaintiff would be off-task 21-30% of a 40-hour workweek and would miss at least four days of work per month if attempting to work a 40-hour work schedule.  Tr. 823, 1186.  The ALJ found LMHC Wenger's opinion unpersuasive.  Tr. 1204.

The ALJ first discounted LMHC Wenger's opinion on the ground it was "completed on a checkbox form with minimal supporting explanation for the assigned limitations."  Tr. 1204.  Substantial evidence does not support this ground.

The record makes clear that LMHC Wenger – and his colleagues at Comprehensive – had a significant number of interactions with Plaintiff prior to rendering this opinion.  *See* Tr. 456-630 (treatment notes from February 2017 to August 2017), Tr. 636-719 (treatment

ORDER GRANTING
PLAINTIFF'S MOTION - 4

notes August 2017 to March 2018).   Indeed, the Appeals Council, in its remand order following this Court's reversal of the ALJ's previous decision, explicitly noted Wenger was Plaintiff's "*treating* licensed mental health counselor."   Tr. 1282 (emphasis added).   Thus, LMHC Wenger's checkbox opinion "did not stand alone[.]"   *Garrison v. Colvin*, 759 F.3d 995, 1014 n17 (9th Cir. 2014).   The ALJ thus erred by discounting the opinion on this ground.

The ALJ also discounted the opinion as "inconsistent with the evidence as a whole, including the claimant's average intelligence, and admitted ability to manage finances and do his own shopping."  Tr. 1204.   These are not reasonable inconsistencies, as they are neither reasonably related to nor sufficiently undermine LMHC Wenger's opined limitations concerning Plaintiff's ability to, among other things, remain on task and maintain attendance. *Cf. Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (rather than merely stating their conclusions, ALJs "must set forth [their] own interpretations and explain why they, rather than the doctors', are correct") (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).   The ALJ thus erred by discounting the opinion on this ground.

The ALJ accordingly erred by discounting LMHC Wenger's opinion.

### 2.  R.A. Cline, Psy.D., David Mashburn, Ph.D., Thomas Genthe, Ph.D.

Dr. Cline examined Plaintiff on November 8, 2017, conducting a clinical interview and performing a mental status examination.   Tr. 631-635.    Dr. Mashburn examined Plaintiff on September 11, 2010, conducting a clinical interview and performing a mental status examination.   Tr. 1187-93.   Dr. Genthe examined Plaintiff on August 17, 2020, conducting a clinical interview and performing a mental status examination.    Tr. 1805-11. As relevant here, all three doctors opined that Plaintiff was markedly limited in completing a normal workday and work week without interruptions from psychologically based symptoms.   Tr. 634, 1189, 1809.   The ALJ found these opinions unpersuasive.   Tr. 1203, 1204.

The ALJ first discounted the opinions as inconsistent with Plaintiff's performance on the doctors' mental status examinations, pointing to Plaintiff's memory, concentration, and

ORDER GRANTING
PLAINTIFF'S MOTION - 5

fund of knowledge.  Tr. 1203, 1204.  These are not reasonable inconsistencies.  Plaintiff's performance during the clinical interviews – conducted in a close and sterile setting with psychiatric professionals – is not reasonably inconsistent with the doctors' opined limitations concerning Plaintiff's ability to, among other things, complete a normal workday and workweek without interruptions from psychologically based symptoms.  The ALJ thus erred by discounting the opinions on this ground.

The ALJ also discounted the opinions as "inconsistent with the evidence as a whole, including his lack of recent mental health treatment."  Tr. 1203, 1204.  This finding was erroneous for two reasons.  First, an ALJ's rejection of a clinician's opinion on the ground that it is contrary to unspecified evidence in the record is "broad and vague," and fails "to specify why the ALJ felt the [clinician's] opinion was flawed."  *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989).  The reviewing court need not comb the administrative record to find specific conflicts.  *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).  Second, the Ninth Circuit has long made clear that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation."  *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)).  The ALJ thus erred by discounting the doctors' opinions on this ground.

The ALJ accordingly erred by discounting the doctors' opinions.

## SCOPE OF REMAND

This case must be remanded because the ALJ harmfully misevaluated the medical evidence.  Plaintiff contends the Court should remand for an immediate award of benefits.  ECF No. 8 at 18-20.  Before remanding a case for an award of benefits, three requirements must be met.  First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'"  *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Garrison*, 759 F.3d at 1020).  Second, the Court must conclude "'the record has been fully developed and further administrative proceedings would serve no useful purpose.'"  *Id*.  In so doing, the Court considers the

existence of "'outstanding issues'" that must be resolved before a disability determination can be made. *Id*. (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014)).  Third, the Court must conclude that, "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'"  *Id*. (quoting *Garrison*, 759 F.3d at 1021).

The Court concludes that the three requirements have been met.  As discussed above, the ALJ erroneously discounted four medical opinions.  The Court finds that further proceedings would serve no useful purpose and that if the erroneously discounted evidence were credited, Plaintiff would be found disabled.  The Court has no serious doubts as to whether Plaintiff is disabled and finds that the delay and prior remand from this Court since Plaintiff first applied for disability in 2017 also weigh in favor of a finding of disability. Under these extraordinary circumstances, the Court exercises its discretion to remand this matter for a finding of disability.

### CONCLUSION

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for a finding of disability under sentence four of 42 U.S.C. § 405(g).  Accordingly,

**IT IS ORDERED** that:

1.  Plaintiff's motion to reverse, filed September 20, 2023, **ECF No. 8**, is **GRANTED**.

2.  Defendant's motion to affirm, filed October 20, 2023, **ECF No. 10**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** this 23rd day of April, 2024.

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

03-07-24

ORDER GRANTING
PLAINTIFF'S MOTION - 7